UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO VALENZUELA,<br><br>Defendant. | Case No. 15-cr-00173-TEH<br><br>**ORDER GRANTING GOVERNMENT'S APPEAL OF PRETRIAL RELEASE ORDER** |

This matter came before the Court on April 6, 2015, on the government's appeal of Magistrate Judge Maria-Elena James's order granting pretrial release to Defendant Eduardo Valenzuela. After carefully considering the parties' written and oral arguments, the Court now GRANTS the government's appeal.

Valenzuela does not dispute that he bears the burden of rebutting the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). He has failed to meet that burden here. First, he contends that his statements about ties to Mexico to both the confidential informant and government agents were mere puffery, but he presents no reason for the Court to believe his current self-serving statements over his prior representations, especially in light of his frequent visits to Mexico. Even if, as Valenzuela contends, many of these trips were for leisure, that does not negate that he has made nearly thirty border crossings since December 29, 2012 – more than would be expected for someone with no ties to the country. Likewise, although Valenzuela reports having only $500 in cash and $400 in his checking account, one of the transactions at issue in this case involved depositing $5800 into his girlfriend's (now fiancée's) bank account and the other involved $14,000 in cash. In addition, Valenzuela also admitted to agents that he had been dealing drugs for approximately five years. The Court therefore finds it more likely than not that Valenzuela has access to more than $900 in liquid assets.

1  Moreover, surrendering of Valenzuela's passport would appear to have no deterrent effect
2  on his leaving the country, given that Valenzuela admits to previously crossing the border
3  without a valid passport.  Finally, Valenzuela contends that an estimated guidelines
4  sentencing range of 40-51 months is not enough to incentivize him to flee, particularly
5  when his mother, uncle, and fiancée would be responsible for a $100,000 bond, but the
6  bond is unsecured and, contrary to Valenzuela's counsel's assertions, a three- to four-year
7  prison term is not insignificant.[1]

On balance, the Court finds that Valenzuela has not rebutted the presumption that he poses a flight risk, even with the conditions imposed by the magistrate judge. Accordingly, the government's motion is GRANTED.  Valenzuela shall remain in custody pending resolution of this matter.

**IT IS SO ORDERED.**

Dated:   04/08/15

_____
THELTON E. HENDERSON
United States District Judge

---

[1] The government contends that Valenzuela faces a five-year mandatory minimum sentence.  The Court does not now resolve the discrepancy between the parties over whether Valenzuela is eligible for the safety valve under 18 U.S.C. § 3553(f).