PAUL F. DeMEESTER (CA SBN 148578)
Attorney at Law
1766A – 18th Street
San Francisco, California 94107
415.305.7280; 415.861.2695
E-mail: paulfdemeester@msn.com

Attorney for Defendant EDUARDO VALENZUELA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-0173-TEH |
| Plaintiff, | **Stipulation and [Proposed] Order to Reset Briefing Schedule and Hearing Date re Motion to Dismiss & Speedy Trial Act Time Exclusion** |
| vs. | |
| EDUARDO VALENZUELA, | |
| Defendant. | |

THE PARTIES STIPULATE through their respective attorneys that the Court should vacate the briefing schedule and hearing date for defendant Eduardo Valenzuela's motion to dismiss on speedy trial grounds set on November 23, 2015, due to defense counsel's trial schedule.

Counsel for Mr. Valenzuela was in jury trial in Redwood City in the case of *People v. Edward Kelleher*, San Mateo County Superior Court No. SC079354, from December 7 through 14, 2015 (felony criminal threats with one strike prior).

From December 14, 2015 (one day of overlap with the above-mentioned Kelleher case) through December 17, 2015, defense counsel was in jury trial in the case of *People v. John West*, San Mateo County Superior Court No. SC078037 (once in jeopardy jury trial in felony case).

From December 28, 2015 until January 4, 2016, defense counsel was waiting to be sent out to jury trial in the case of *People v. Monica Jenkins*, San Mateo County Superior Court No. NM426215 (misdemeanor charges of assault on one officer; battery on a second officer; resisting arrest; assault on jail nurse; and drunk in public).  The case was sent out to jury trial on the last day of the 30-day no-time waiver period on January 4, 2016.  The jury concluded its work on January 12, 2016.

On January 13, 2016, defense counsel commenced jury trial in *United States v. Michael Martin*, U.S. District Court No. CR 14-0093-JSW-05, with jury selection.  The case is currently in trial.

Besides having been in trial since early December, defense counsel has been busy preparing for each of these trials since being appointed counsel for Mr. Valenzuela on November 12, 2015.

The parties request that the current deadlines to file briefing (January 18, 2016 for defendant to file motion; February 8, 2016 for Government to respond; and February 22, 2016 for defendant to reply) be vacated and that a new briefing schedule be set with a deadline for defendant to file the motion on February 8, 2016; the Government to respond on February 29, 2016; and defendant to reply on March 14, 2016.  The parties request

that the currently scheduled hearing date of March 14, 2016 be vacated and that a new hearing date of Monday, April 11, 2016, at 2:30 p.m., be scheduled.

The parties further stipulate that the Court should exclude the period from January 19, 2016 through April 11, 2016, for purposes of time computations under the Speedy Trial Act. The parties stipulate that the exclusion of time is necessary to assure Mr. Valenzuela with the continuity of counsel and to allow for the effective preparation of defense counsel in this case within the meaning of 18 U.S.C. § 3161(h).

DATED: January 19, 2016.

Respectfully submitted,

_____
CHINHAYI COLEMAN CADET
Assistant United States Attorney

/s/
_____
PAUL F. DeMEESTER
Attorney for Mr. Valenzuela

## ORDER

THE COURT HEREBY VACATES the briefing schedule previously set for defendant's motion to dismiss and sets the following deadlines: February 8, 2016 for defendant to file the motion; February 29, 2016 for the Government to respond; and March 14, 2016 for defendant to reply. The hearing date of March 14, 2016 is hereby vacated and reset for Monday, April 11, 2016, at 2:30 p.m.

THE COURT FINDS, based on the representations of both parties in the above stipulation, that the ends of justice served by continuing the briefing and hearing on defendant's motion to dismiss outweigh the best interest of the public and the defendant

in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).  The Court makes this finding and bases this continuance on the fact that the failure to grant a continuance would unreasonably deny the defendant continuity of counsel, given counsel's trial schedule, taking into account the exercise of due diligence; and that the failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

THE COURT EXCLUDES time under the Speedy Trial Act from January 19, 2016 through April 11, 2016.

SO ORDERED on January __20__, 2016.

_____
HONORABLE THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE