UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>      Plaintiff,<br><br>   v.<br><br>EDUARDO VALENZUELA,<br><br>      Defendant. | Case No. 15-cr-00173-TEH-1<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT** |

Before the Court is Defendant's Motion to Dismiss based on failure to indict in a timely manner pursuant to the Speedy Trial Act. Having carefully considered the parties' written and oral arguments and for the reasons set forth below, the Court now DENIES Defendant's Motion to Dismiss.

**BACKGROUND**

Defendant Eduardo Valenzuela was arrested on February 6, 2015, and a criminal complaint was filed against him on February 9, 2015. On February 13, 2015, Magistrate Judge Joseph C. Spero granted a stipulated order, which stated:

> For the reasons stated by the parties on the record on Feb. 13, 2015, the Court excludes time under the Speedy Trial Act from Feb. 13, 2015 to Mar. 2, 2015 and finds that the ends of justice served by the continuance outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court makes this finding and bases this continuance on the following factor(s): […] Failure to grant a continuance would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Feb. 13 Order (Docket No. 8). The dates in the above text were handwritten, and at the bottom of the order, a handwritten sentence stated: "Time is also extended under Rule 5.1." *Id.*

1    On March 2, 2015, Judge Spero filed another stipulation and proposed order.
2    Docket No. 9.  The proposed order, which Judge Spero had granted, stated in pertinent
3    part:

> For the reasons stated above [in the parties' stipulation], the Court continues the hearing . . . from March 2, 2015 to March 23, 2015 . . .  The Court further finds that a speedy trial exclusion from March 2, 2015 to March 23, 2015 is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial.  Denying the requested exclusion of time would deprive the defendant effective preparation of counsel, taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The Court further finds that an extension of time under Federal Rule of Criminal Procedure 5.1 from March 2, 2015, to March 23, 2015, is appropriate for the stated reasons.

*Id.*

Defendant was indicted by a grand jury on four counts relating to drug offenses. The Government filed the indictment on March 19, 2015.  Docket No. 1.  Defendant now moves to dismiss the indictment, arguing that the two aforementioned stipulated orders were insufficient to exclude time under the Speedy Trial Act, and therefore the indictment was untimely.  Docket No. 66.  The Government timely opposed the motion.  Docket No. 67.  Defendant replied.[1]  Docket No. 68.

**DISCUSSION**

The Speedy Trial Act provides in relevant part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b).  The filing of the criminal complaint – in the instant case, on February 9, 2015 – triggers the thirty-day timeline.  *United States v. Candelaria*, 704 F.2d 1129, 1131-32 (9th Cir. 1983).

---

[1]    The Court notes that Defendant's Reply was filed one day late.

2

Enumerated "periods of delay" are excluded from the computation of the indictment filing deadline, including the following:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C § 3161(h)(7)(A). Defendant's argument is centered on the concept that time cannot be excluded "unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983).

Defendant argues that the factual findings in both stipulated orders reproduced in part above – in addition to oral representations made at the hearings on which the stipulations were based – only applied to continuing the date for the preliminary hearing; therefore the stipulated orders were not intended to extend the Government's deadline to file the indictment. To support this contention, Defendant notes that the parties did not specifically discuss delaying the filing of the indictment, either on the record at the hearings or in the aforementioned stipulations. Mot. at 9. Defendant correctly states that "[c]ontinuing a preliminary hearing is not the same as obtaining more time to seek an indictment." *Id.* at 10 (citing *United States v. Siembida*, No. 05-CR-366-PKC, 2007 WL 4267192 (S.D.N.Y. Dec. 3, 2007) (unpublished decision)).

Defendant cites a Fourth Circuit case, *United States v. Keita*, 742 F.3d 184 (4th Cir. 2014), as an example of what, in Defendant's opinion, the parties should have done. Mot. at 10. In *Keita*, the parties agreed to, and the Government so moved, "for a continuance of the thirty-day time period to file an indictment under the Speedy Trial Act." 742 F.3d at

3

187. Defendant also cites a Seventh Circuit case, *United States v. Jean*, 25 F.3d 588 (7th Cir. 1994), to argue that Judge Spero should have offered more specific evidence in his factual findings. Mot. at 12. In *Jean*, the Government offered many convincing factual reasons for excluding time, based on the complexity of the investigation and evidence, and specifically asked for more time to file the indictment. 25 F.3d at 592-93.

      The Court is unpersuaded by Defendant's arguments. *Keita* and *Jean* certainly provide examples of what parties may offer to the Court in order to sufficiently exclude time to file an indictment, but Defendant has not offered any authority stating that any of those cases are *requirements* for such exclusion. The Court finds that by citing the appropriate provisions of the Speedy Trial Act – which provides the deadline for filing an indictment, not for holding a preliminary hearing – the parties sufficiently requested an extension of the Government's time to file an indictment. Defendant's argument that using the terms "speedy trial exclusion" and citing specific provisions of the Speedy Trial Act could somehow refer only to continuing the preliminary hearing date and not the indictment deadline is unfounded, and the Court notes that if that argument were true, it would be superfluous for Judge Spero to then find as a separate matter that the preliminary hearing was continued, as both stipulated orders found.

      Furthermore, the Court notes that the requests for time exclusions came before the Court as stipulations. Defendant argues that Judge Spero "did not make the required independent findings; instead it simply credited vague statements by one party's lawyer about the general desire for a continuance." Mot. at 13. Defendant seemingly ignores the fact that the requests did not come before the Court from one party's lawyer, but rather were stipulated by both parties. Similarly, when Defendant faults Judge Spero for not "conduct[ing] an appropriate inquiry to determine how long a delay was actually required, if one was required at all," Defendant suggests that the request was contested, which it was not. Mot. at 13. A court may "fulfill [its] Speedy Trial Act responsibilities by adopting stipulated factual findings," *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1157 n.9 (9th Cir. 2000), and Defendant may not, after the fact, argue against the previously stipulated

4

findings. *See United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994). Furthermore, in cases such as this, it is not the Court's responsibility to question the parties' stipulations by requesting additional facts, where the facts may be protected by attorney-client privilege or other safeguards afforded to the defendant.

For these reasons, the Court finds that Defendant stipulated to the February 13, 2015 through March 2, 2015, and the March 2, 2015 through March 23, 2015 exclusions of time under the Speedy Trial Act, and that considering the wording of the stipulated orders and citations therein, it would be unreasonable to believe that Defendant did not anticipate that the exclusion applied to the indictment filing deadline. The Court further finds that the February 13, 2015 and March 2, 2015 stipulated orders sufficiently found that the ends of justice served by granting the continuance outweighed the best interests of the public and Defendant in a speedy trial, based on the facts before Judge Spero at that time.

**CONCLUSION**

The Court finds that the two stipulated orders signed by Judge Spero were sufficient to exclude time under the Speedy Trial Act, thus affording the Government additional time to file the indictment. Accordingly, there was no violation of the Speedy Trial Act, and Defendant's Motion to Dismiss is hereby DENIED.

**IT IS SO ORDERED.**

Dated: 06/02/16           _____
                          THELTON E. HENDERSON
                          United States District Judge

5